IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**THERESA BENDER, as**
**Bankruptcy Trustee for**
**Abdul Alansari, and**
**ABDUL ALANSARI,**

    Plaintiff,

vs.                                      Case No. 4:07cv438-SPM/WCS

**TROPIC STAR SEAFOOD, INC.,**

    Defendant.

_____/

## O R D E R

Plaintiff Abdul Alansari has filed a motion for reconsideration of my order, doc. 56, denying Plaintiff's motion, doc. 35, for sanctions and for a protective order. Doc. 61. Defendant has responded. Doc. 65. The controversy concerns Rule 45 subpoenas to non-parties.

A motion for reconsideration is unavailable to consider arguments that could have been presented or were presented in the original motion. *See*, Lincoln General Ins. Co. v. De La Luz Garcia, 501 F.3d 436, 442 (5th Cir. 2007); Matosantos Commercial Corp. v. Applebee's Intern., Inc., 245 F.3d 1203, 1209 n.2 (10th Cir. 2001);

Global Naps, Inc. v. Verizon New England, Inc., 489 F.3d 13, 25-26 (1st Cir. 2007);

Dunn v. Castro, 2008 WL 2261400, *1 (E.D. Cal. Jun 02, 2008) (No. 1:06-CV-0088AWIWMW); Old Ladder Litigation Co., LLC v. Investcorp Bank B.S.C., 2008 WL 2224292, *2 (S.D. N.Y. May 29, 2008) (No. 08 CIV. 0876 RMB THK);

SJD-CC, LLC v. Marsh USA, Inc., 2008 WL 2277858, *2 (E.D. La. May 29, 2008) (No. CIV.A. 06-09903) ("a court's reconsideration of a prior order is an extraordinary remedy that should be used only sparingly and not to relitigate old matters, raise new arguments, or present evidence that should have been raised in the earlier motion.").

> A court should grant a motion for reconsideration only if: (1) there has been an intervening change in controlling law; (2) the party discovers new evidence; or (3) reconsideration is needed to correct clear error or prevent manifest injustice.  *Richards v. United States*, 67 F.Supp.2d 1321, 1322 (M.D. Ala.1999); *Major v.. Benton*, 647 F.2d 110, 112 (10th Cir. 1981); *Sussman v. Salem, Saxon, & Nielson, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla.1994).  Reconsideration is vested in the district court's sound discretion, and the grant of a motion to reconsider is an "extraordinary remedy to be employed sparingly."  *Richards*, 67 F.Supp.2d at 1322; *Fla. Ass'n of Rehab. Facilities, Inc. v. State of Fla. Dept. of Health and Rehabilitative Servs.*, 225 F.3d 1208, 1216 (11th Cir. 2000); *Brogdon v. Nat'l Healthcare Corp.*, 103 F.Supp.2d 1322, 1338 (N.D. Ga.2000) (Murphy, J.) ("Parties . . . may not employ a motion for reconsideration as a vehicle to present new arguments or evidence that should have been raised earlier, introduce novel legal theories, or repackage familiar arguments to test whether the Court will change its mind.").

Diamond Crystal Brands, Inc. v. Wallace, __ F.Supp.2d __, 2008 WL 2608158, *2 (N.D. Ga. May 15, 2008) (No. CIV.A.1:07CV3172JTC).

    Plaintiff has not shown clear error or manifest injustice to warrant reconsideration.  The arguments presented in the motion for reconsideration could have been presented in support of the motion for a protective order as originally filed.  The original motion erroneously assumed that sanctions were warranted though Plaintiff had

not obtained a protective order. Plaintiff's objections served upon Defendant were not sufficient, however. Rule 45 provides that the person "commanded to produce documents" may file objections. FED. R. CIV. P. 45(c)(2)(B). Plaintiff is not a party to a Rule 45 proceeding, and must proceed by means of Rule 26 (or a motion to quash pursuant to Rule 45(c)(3)), assuming Plaintiff can show standing. Rivertree Landing, LLC v. Murphy, 2007 WL 3333357, *1 (M.D. Fla. Nov 09, 2007) (No. 6:07-MC-104-GAP-DAB) (a party's remedy with respect to a Rule 45 subpoena is not to serve objections, but to file a Rule 26 motion for a protective order).

When the last order was entered, I was also aware that Plaintiff might show standing to obtain a protective order with respect to documents as to which Plaintiff has some legitimate expectation of privacy.[1] Had that been the only problem, I would have

---

[1] A party has standing to object to this third-party subpoena duces tecum with respect to privilege, trade secrets, confidential research, commercial information, or similar grounds personal to the party. Windsor v. Martindale, 175 F.R.D. 665, 668 (D. Colo. 1997); Diamond State Ins. v. Rebel Oil Co., 157 F.R.D. 691, 695 (D. Nev. 1994); United States v. Nachamie, 91 F. Supp. 2d 552, 558 (S.D. N.Y. 2000); Thomas v. Marina Assocs., 202 F.R.D. 433, 434 (E.D. Pa. 2001). See Brown v. Braddick, 595 F.2d 961, 967 (5th Cir.1979); United States v. Cimino, 219 F.R.D. 695, 696 (N.D. Fla. 2003).

> The general rule is that a party does not have standing to object to a subpoena issued to a third-party witness unless the movant has alleged some personal privacy right or privilege to the documents sought. *See Langford v. Chrysler Motors Corp.*, 513 F.2d 1121 (2d Cir.1975); *Brown v. Braddick*, 595 F.2d 961 (5th Cir.1979); *Vogue Instrument Corp. v. Lem Instruments Corp.*, 41 F.R.D. 346, 348 (S.D. N.Y.1967); 9A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure, § 2459 at 41 (1995).

McNerney v. Archer Daniels Midland Co., 164 F.R.D. 584, 587 (W.D. N.Y. 1995); Stevenson v. Stanley Bostitch, Inc., 201 F.R.D. 551, 555 n. 3 (N.D. Ga. 2001); United States v. Beckford, 964 F.Supp. 1010, 1024 n. 12 (E.D. Va.1997); Hunt Int'l Resources Corp. v. Binstein, 98 F.R.D. 689, 690 (N.D. Ill.1983); Fla. ex rel. Butterworth v. Jones Chemicals, Inc., No. 90-875-CIV-J-10, 1993 WL 388645, *2 (M.D. Fla.1993)).

Case No. 4:07cv438-SPM/WCS

been less abrupt in my ruling.  But Plaintiff here asks the court to instruct the third parties that they need not comply with the subpoenas and to order Defendant to "disgorge the documents already produced."  Doc. 61, p. 19.  That is not the way to protect a privacy interest.  The normal way to protect a person's privacy is to enter a protective order limiting disclosure of the sensitive information.

Plaintiff also argues that Defendant is seeking information that cannot possibly be relevant to Plaintiff's claims and Defendant's defenses, and argues that the subpoena to B-Franz is overbroad.  These subpoenas are exceedingly broad.  But "[i]n the absence of a claim of privilege a party usually does not have standing to object to a subpoena directed to a non-party witness." Langford v. Chrysler Motors Corp., 513 F.2d 1121, 1126 (2d Cir. 1975), *citing* 5A J. Moore, Federal Practice P 45.05(2), (2d ed. 1974); Brown v. Braddick, 595 F.2d 961, 967 (5th Cir. 1979);[2] Peterbilt of Great Bend, LLC v. Doonan, 2006 WL 3193371, *2 (D. Kan. Nov 01, 2006) (No. 05-1281-JTM) (a personal right or privilege existed where the subpoena was issued after discovery had closed); City of Ecorse v. U.S. Steel, 2007 WL 4239263, *2 (E.D. Mich. Dec 03, 2007) (No. CIV.A. 07-CV-12131).

> As another court has stated, " '[a] motion to quash or modify a subpoena duces tecum may only be made by the party to whom the subpoena is directed except where the party seeking to challenge the subpoena has a personal right or privilege with respect to the subject matter requested in the subpoena.' "  Hertenstein v. Kimberly Home Health Care, Inc., 189 F.R.D. 620, 635 (D. Kan.1999) (*citing Smith v. Midland Brake, Inc.*, 162 F.R.D. 683, 685 (D. Kan.1995)).  The person subject to the subpoena "is the only one entitled to challenge the subpoena under Fed.R.Civ.P. 45(c)

---

[2] The Eleventh Circuit adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981, and of Unit B of the former Fifth Circuit.  Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981); Stein v. Reynolds, Inc., 667 F.2d 33, 34 (11th Cir. 1982).

(3), 'unless a showing is made that [another person objecting] has a personal right to be protected or that the documents are subject to a privilege.' " *Hertenstein*, 189 F.R.D. at 635 (citing *Midland Brake, Inc.*, 162 F.R.D. at 685).  *See also Liberty Mutual Fire Insurance Company v. Ravannack*, No. CIV.A. 00-1209, 2002 WL 1770936, *2 (E.D. La. Aug.1, 2002) (*citing Westside-Marrero Jeep Eagle, Inc. v. Chrysler Corp., Inc.*, 1998 WL 186705, *4 (E.D. La. Apr.17, 1998)) ("a party, although not the person to whom a subpoena is directed and not in possession or control of the requested materials, does have such standing if he has a personal right or privilege in respect to the subject matter of the subpoena or a sufficient interest in it."); *Stevenson v. Stanley Bostitch, Inc.*, 201 F.R.D. 551, 555 (N.D. Ga.2001) (citing cases) ("it appears to be the general rule of the federal courts that a party has standing to challenge a subpoena when she alleges a 'personal right or privilege with respect to the materials subpoenaed.' "); *Diamond State Ins. Co. v. Rebel Oil Co., Inc.*, 157 F.R.D. 691, 695 (D. Nev.1994) ("Because Diamond State was not the recipient of the subpoenas, it has standing to challenge them only where its challenge asserts that the information is privileged or protected to itself."); *Bush Development Corp. v. Harbour Place Associates*, 632 F.Supp. 1359, 1364 (E.D. Va.1986) (*citing Clayton Brokerage Co., Inc. of St. Louis v. Clement*, 87 F.R.D. 569, 571 (D. Md.1980); *Shepherd v. Castle*, 20 F.R.D. 184, 188 (W.D. Mo.1957)) ("Since the documents involved are the business records of Home Federal Bank, the defendants have no standing to challenge the subpoena issued to the bank.").

<u>Laethem Equipment Co. v. Deere and Co.</u>, 2007 WL 2873981, *16 (E.D.Mich. Sep 24, 2007) (No. 05-CV-10113-BC).

Rule 45(c)(3) lists the grounds upon which a court may quash or modify a Rule 45 subpoena.  The Advisory Committee Note to the 1991 amendments states that subsection (c) "is new and states the rights of *witnesses*.  It is not intended to diminish rights conferred in Rule 26-37 or any other authority."  (Emphasis added.)  The Note also states that subsection (c)(3) provides "a means of protecting *a witness* from misuse of the subpoena power."  (Emphasis added.)  "Undue burden" and "disclosure of privileged or other protected matter, if no exception or waiver applies,"[3] are listed as

---

[3] The Note states that subsection (c)(3)(B)(i), which protects against disclosure of confidential information, corresponds to Rule 26(c)(7).

reasons to quash or to modify a subpoena, but a lack of relevance is not. From the perspective of the non-party, the relevance of the information sought might be a factor in determining whether a burden is "undue," but relevance has nothing to do with the privilege or privacy interests of a party. Further, Plaintiff has not shown that compliance with these subpoenas will cause him an "undue burden," even if the evidence produced is not relevant.

Plaintiff's remedy is Rule 26(c), which permits a *party* to move for relief to prevent "annoyance, embarrassment, oppression or undue burden or expense." A party is not subjected to "annoyance, embarrassment, oppression or undue burden or expense" when the opposing party uses a Rule 45 subpoena to gather irrelevant documents from a non-party.

Although Plaintiff has not sought a protective order against disclosure of private employment records, however, I will on my own motion impose such an order.

I estimate that Defendant spent about 5 hours in response to the motion, given the number of issues raised. At $250 per hour, Plaintiff will be order to pay Defendant $1,250 as Defendant's expenses in having to respond to this motion for reconsideration.

Accordingly, it is **ORDERED** that:

1. Plaintiff's motion for reconsideration, doc. 61, is **DENIED**.

2. On or before **August 1, 2008**, Plaintiff shall pay Defendant $1,250 as Defendant's expenses for having to respond to this motion for reconsideration.

3. Absent further order, or such uses as permitted at trial by the presiding judge, Defendant shall not disclose any document acquired by means of these Rule 45 subpoenas to anyone except agents of Defendant involved in this litigation, Defendant's

attorneys, expert witnesses for either party, deponents, court reporters, Plaintiff, and Plaintiff's attorneys.  Within 90 days after the judgment in this case becomes final, Defendant shall transfer all of the documents acquired by these Rule 45 subpoenas to the possession of Plaintiff, who may keep them or destroy them.

**DONE AND ORDERED** on July 21, 2008.

                                        <u>s/    William C. Sherrill, Jr.</u>
                                        **WILLIAM C. SHERRILL, JR.**
                                        **UNITED STATES MAGISTRATE JUDGE**