IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

THERESA BENDER, as Bankrupcy
Trustee for Abdul Alansari,
and ABDUL ALANSARI

       Plaintiff,

vs.                                                                        4:07-CV-438-SPM

TROPIC STAR SEAFOOD, INC.,

       Defendant.
_____/

## ORDER DENYING MOTION TO DISMISS FOR FRAUD ON THE COURT

THIS CAUSE comes for consideration upon Defendant's "Amended Motion to Dismiss for Fraud Upon the Court" (doc. 52) and the accompanying Memorandum of Law (doc. 44) and Plaintiff's Response in Opposition (doc. 67).  For the reasons set forth below, Defendant's Motion to Dismiss will be denied.

**BACKGROUND**

Plaintiff is a former employee of Defendant corporation.  Plaintiff has filed an eight-count complaint alleging the following: 1) race discrimination in violation of Title VII; 2) religious discrimination in violation of Title VII; 3) retaliation in violation of Title VII; 4) race discrimination in violation of the Florida Civil Rights Act; 5) religious discrimination in violation of the Florida Civil Rights Act; 6) retaliation in violation of the Florida Civil Rights Act; 7) retaliation in violation of the Florida Private Whistleblower Act; and 8) retaliation in violation of the Florida

Workers' Compensation Act.

Defendant is a company that packages, processes, and distributes seafood throughout Florida, Georgia and Alabama.  Plaintiff began working as a route driver for Defendant on November 18, 2004.  During his employment, Plaintiff allegedly suffered religious and racial discrimination from his co-workers and supervisor.  Plaintiff is an African American Suni Muslim.  Plaintiff's supervisor and his coworkers are all African American Christians.  Plaintiff alleges that he was harassed and chided because his behavior did not conform to what his coworkers considered typical African American behavior.

Defendant here claims that Plaintiff has made several misrepresentations throughout the course of these proceedings and that these misrepresentations are material to this case.  Defendant claims that Plaintiff lied when he testified that his birth name was Abdul Khaliq Alansari.  Defendant found out that Alansari's name was changed by his mother from Abdul Khaliq Alansari to Cleon Jeffery Barnes when Plaintiff was six years old.  Defendant claims that Plaintiff has been using both Abdul Khaliq Alansari and Cleon Jeffery Barnes in many different facets of Plaintiff's life.  In 1997, Plaintiff legally changed his name to Abdul K. Alansari in all areas of his life.  Defendant claims that  Plaintiff's testimony about his real name was false testimony because there is no clear evidence as to what Plaintiff's real name is. Similarly, Defendant claims that Plaintiff was dishonest when Plaintiff testified that he did not use the name Cleon Barnes after 1997.  Defendant found evidence that Plaintiff used Cleon Barnes

as his name in Plaintiff's lawsuit against his prior employer in 1999.

Next, Defendant claims that Plaintiff stated in interrogatories and in a deposition that he had never been convicted of a crime. However, Defendant found evidence that Plaintiff has in fact been charged and arrested on multiple occasions, under both Cleon Barns and Abdul Alansari and that at least one of those arrests resulted in an actual conviction. Additionally, Defendant claims that Plaintiff's counsel continuously maintained that Plaintiff was not a convicted felon.

Further, Defendant claims that Plaintiff has used a combination of birth dates and social security numbers and that Plaintiff testified that he is unsure of his actual date of birth and social security number. Plaintiff said that the social security number that he gave to Defendant when he began his employment was an incorrect Social Security number and was only used on that occasion and no other. However, Defendant claims that Plaintiff has indeed used and personally written down this false Social Security number on at least two other occasions. Therefore, any mistake that may have been made would have been made by Plaintiff and not by another person filling out a form on Plaintiff's behalf.

Defendant also claims that Plaintiff has not been truthful in the declaration of his religious affiliation. Plaintiff claims that he is a Suni Muslim, but Defendant claims that on two different booking sheets from two different police stations, and on certain hospital records, Plaintiff claimed that his religion was Baptist. Therefore, Defendant concludes that Plaintiff is routinely dishonest about his

3

religious affiliation.

Finally, Defendant claims that Plaintiff has been dishonest about his medical history, employment history and bankruptcy proceedings.  Defendant argues that all of these inconsistencies and false representations constitute a fraud on the court, and if not rectified, would enable Plaintiff to profit from his alleged dishonesty.  Defendant states that Plaintiff's numerous alleged misrepresentations undermine the judicial system and should be sanctioned by dismissal of this case.

**STANDARD**

A federal trial court has the authority to sanction a party for fraud. See Chambers v. NASCO, Inc., 501 U.S. 32, 50-51 (1991).  Additionally, if this fraud on the court is proven, dismissal of the action is an appropriate sanction.  Martin v. Automobili Lamborghini Exclusive, Inc., 307 F.3d 1332, 1335-36 (11th Cir. 2002).  Fraud upon the court can be shown if "'it can be demonstrated, clearly and convincingly, that a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing the trier of fact or unfairly hampering the presentation of the opposing party's claim or defense.'"  Aoude v. Mobil Oil Corp., 892 F.2d 1115, 1118 (1st Cir. 1989); see also Davenport Recycling Associates v. Comm'r of Internal Revenue, 220 F.3d 1255, 1262 (11th Cir. 2000) (finding that fraud upon the court involves a knowing, unconscionable

4

scheme).  As evidenced by the clear and convincing standard, dismissal is "an extreme remedy, and should not lightly be engaged."  Aoude, 892 F.2d at 1118; see also Young v. Curgil, 358 So. 2d 58, 59 (Fla. 3d DCA 1978) (finding that dismissal "should be cautiously and sparingly exercised and only upon the most blatant showing of fraud, pretense, collusion or other similar wrongdoing").

The "power to resolve disputes over the truth or falsity of claims belongs to a jury."  Jacob v. Henderson, 840 So. 2d 1167, 1170 (Fla. 2d DCA 2003).  "In determining which cases are egregious enough to warrant dismissal, courts have been mindful that '[t]rials result from factual disputes. In these disputes, the facts on one side are, at best, less true and, at worse, false or fraudulent.'"  Bryant v. Troutman, 2006 WL 1640484, at *1-2  (M.D. Fla. Jun. 8, 2006) (quoting Jacob, 840 So. 2d at 1169). Thus, in many cases, factual inconsistencies can be resolved by the jury.

"Generally speaking, only the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated, will constitute a fraud on the court." Rozier v. Ford Motor Co., 573 F.2d 1332, 1338 (5th Cir. 1978) (citing United States v. International Telephone & Telegraph Corp., 349 F. Supp. 22, 29 (D.Conn.1972), aff'd without opinion, 410 U.S. 919 (1973) and Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944)).  Fraud on the court is "only that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of

5

the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that are presented for adjudication." <u>Travelers Indem. Co. v. Gore</u>, 761 F.2d 1549, 1551 (11th Cir. 1985).

**ANALYSIS**

Defendant has properly shown that Plaintiff has stated inconsistent facts and made contradictory statements.  However, Defendant has not shown by clear and convincing evidence that Plaintiff has "sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing the trier of fact or unfairly hampering the presentation of the opposing party's claim or defense." <u>Aoude</u>, 892 F.2d at 1118.  The factual inconsistencies in Plaintiff's statements can be properly resolved by a jury.  These inconsistencies do not prevent the smooth and efficient operation of the judicial machinery.

Although Defendant properly points to cases where federal courts have dismissed lawsuits because of a plaintiff's repeated lying under oath and obstruction of discovery, that is not the case here.  Plaintiff has not engaged in "pervasive litigation misconduct, perjury and obstruction of discovery." <u>Vargas v. Peltz</u>, 901 F.Supp. 1572 (S.D. Fla. 1995).  There is no evidence that Plaintiff was seeking to mislead Defendant in the course of discovery.  Many of the factual inconsistencies can be explained by misunderstanding the specific question, innocent forgetfulness or nervousness common to witnesses at depositions.

For example, Defendant claims that Plaintiff lied during his deposition when he testified that he had never been convicted of a crime.  Plaintiff maintains that he was telling the truth.  There is significant confusion on this point from both sides.  Plaintiff's explanation of the confusion is understandable.  It appears that there may have been an erroneous computer entry by the Clerk of Court in St. Johns County.  The entry says that adjudication of the offense was withheld. Plaintiff reasonably concluded that this incident did not constitute a "conviction." Plaintiff states that there has been no "Judgment of Conviction" filed against him. Therefore, it was reasonable for Plaintiff to assume that he had not been convicted of a crime.  There is no evidence that Plaintiff intended to mislead Defendant when he answered "no" to Defendant's question.  The explanation for the inconsistency may be a misunderstanding about specific legal terms, but it does not constitute a willfulness to mislead.

Defendant's other allegations of Plaintiff's dishonesty are similarly explained by confusion or misunderstanding of the question or a lack of specificity in the question or the corresponding answer.  Plaintiff's factual misrepresentations do not rise to the level of egregiousness necessary for this Court to find that fraud has been committed.  All of the inconsistencies can be placed before a jury to determine credibility.  Though these inconsistencies may reflect on the credibility of Plaintiff, they are not material to the legal issues before this Court.  Defendant has not shown that Plaintiff's behavior demonstrates any

7

attempt to defile the court or prevent the smooth operation of the judicial machinery.

**CONCLUSION**

Defendant has not demonstrated clearly and convincingly that Plaintiff purposely committed fraud against the court. Many of Plaintiff's statements were not clearly false. Plaintiff's misstatements were likely due to lack of knowledge or confusion. Further, the misstatements are not material to this litigation and they were not an attempt on the part of Plaintiff to conceal correct information. Dismissal of Plaintiff's Complaint is therefore not warranted. Accordingly, it is

ORDERED AND ADJUDGED as follows:

1. Defendant's Amended Motion to Dismiss for Fraud Upon the Court (doc. 52) is **denied**.

2. Plaintiff's request for fees and costs associated with responding to Defendant's motion is **denied**.

DONE AND ORDERED this <u>third</u> day of September, 2008.

_s/ Stephan P. Mickle_

Stephan P. Mickle
United States District Judge