IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

THERESA BENDER, as Bankruptcy
Trustee for Abdul Alansari, and
ABDUL ALANSARI

       Plaintiffs,

v.                                 CASE NO. 4:07-CV-438-SPM-WCS

TROPIC STAR SEAFOOD, INC.,

       Defendant.

_____/

## ORDER DENYING PLAINTIFFS' MOTION FOR REMAND

THIS CAUSE comes for consideration upon Plaintiffs' motion for remand and for fees and costs (doc. 94). Defendant filed a response in opposition to Plaintiffs' motion for remand and for fees and costs (doc. 98). Both parties filed memoranda of law in accordance with the local rule 7.1(A) (docs. 94, 98). For the reasons set out below, the Court denies Plaintiffs' motion for remand and for fees and costs.

**BACKGROUND**

This action arises from a second amended complaint filed by Plaintiffs Abdul Alansari and Theresa Bender, as Bankruptcy Trustee ("Plaintiffs") against Defendant Tropic Star Seafood, Inc. ("Defendant"). In February 2006, Abdul Alansari filed a complaint in Leon County Circuit Court alleging one count for a violation of Florida's Whistleblower Act, Fla. Stat. §§ 448.101 et. seq., and a second count for retaliation

pursuant to Florida's Workers' Compensation Law, Fla. Stat. § 440.205.  After various discovery efforts and motion practice in state court, Abdul Alansari amended his complaint.  In September 2007, Abdul Alansari moved to amend in order to file a second amended complaint adding the Bankruptcy Trustee as a party and adding discrimination claims previously pending with the Equal Employment Opportunity Commission and the Florida Commission on Human Relations.  The discrimination claims alleged violations of Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. §§ 2000e et. seq. and 42 U.S.C. § 1981.  Thereafter, Defendant timely removed the matter to federal court in October of 2007.  On August 20, 2008, after ten months of litigation, discovery and motion practice in this Court, including Defendant's motion for summary judgment, Plaintiffs moved for severance and remand of count VIII of their second amended complaint.  Count VIII is a claim for retaliation pursuant to Florida's Workers' Compensation Law,  Fla. Stat. § 440.205.  Plaintiffs' motion for remand asserts that Count VIII is a non-removable action under 28 U.S.C. § 1445(c).  Defendant's response in opposition to Plaintiffs' motion for remand alleges that pursuant to 28 U.S.C. § 1447(c), Plaintiffs waived their right to object to removal.  **STANDARD OF REVIEW**

The party attempting to invoke jurisdiction has the burden of establishing federal jurisdiction.  McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936).  Additionally, removal statutes are narrowly construed, and when parties dispute the issue of jurisdiction, uncertainties are resolved in favor of remand.  See Ayes v. H&R of Belle Glade, Inc., 2008 U.S. Dist. LEXIS 33023, at *2 (S.D. Fla. Apr. 21, 2008) (citing

Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994)). This strict policy against removal and for remand protects the sovereignty of state governments and state judicial power. Syngenta Crop Prot., Inc. v. Henson, 537 U.S. 28, 32 (2002) (citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941); Healy v. Ratta, 292 U.S. 263, 270 (1934)).

**ANALYSIS**

Plaintiffs' motion alleges that, pursuant to 28 U.S.C. § 1445(c), Plaintiffs' retaliatory workers' compensation claim should not have been removed to this Court. Pursuant to 28 U.S.C. § 1445(c), "A civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." In Reed, the Eleventh Circuit held that a retaliatory workers' compensation claim may not be removed to federal court. Reed v. Heil Co., 206 F.3d 1055, 1056-57 (11th Cir. 2000)

The plaintiff in Reed brought a state court action alleging violations of Alabama's statute barring retaliation for filing workers' compensation claims and violations of the Americans With Disabilities Act, 42 U.S.C. §§ 12101-12213, ("ADA"). Reed, 206 F.3d at 1056-57. The defendant removed the case to federal court "on the basis of subject matter jurisdiction over the ADA claim and possibly diversity of citizenship as well." Id. at 1058. The court in Reed found that the plaintiff's claim brought pursuant to Alabama's statute barring retaliation for the filing of workers' compensation claims arose under the state's workers' compensation laws, and that therefore, the district court

lacked jurisdiction to entertain the plaintiff's retaliatory discharge claim because it fell within the ambit of 28 U.S.C. § 1445(c).  Id. at 1057; see also Johnston v. Morton Plant Mease Healthcare, Inc., 2007 WL 570078, at *2 (M.D. Fla. Feb. 20, 2007). ("Even though this modicum of a distinction exists between the case law of [Florida and Alabama], it is not enough to tip the scales in favor of a finding that retaliatory discharge claims do not 'arise under' the workers' compensation laws of Florida."); Perdue v. Westpoint Home, Inc., 2007 WL 3202455, at *3 (N.D. Fla. Oct 26, 2007) (holding a federal court lacks jurisdiction for claims arising under Florida's workers' compensation retaliatory discharge statute, Fla. Stat. § 440.205);  Ayes v. H&R of Belle Glade, Inc., 2008 U.S. Dist. LEXIS 33023, at *9 (S.D. Fla. Apr. 21, 2008) (holding § 1445(c) precludes removal of Florida workers' compensation claims regardless of whether jurisdiction is based on diversity or federal question jurisdiction).  Accordingly, it is clear that removal of the retaliatory workers' compensation claim to this Court was defective.

When a district court lacks subject matter jurisdiction over a removed action, a remand motion may be made at any time prior to final judgment; however, when removal is defective for some nonjurisdictional reason, a remand motion must be made within 30 days after notice of removal was filed.  28 U.S.C. § 1447(c).  "A motion to remand the case on the basis of any *defect other than lack of subject matter jurisdiction must be made within 30 days* after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks *subject matter jurisdiction*, the case shall be remanded."  28 U.S.C. § 1447(c) (emphasis added).  Thus, while actions arising under state workers' compensation laws

are not removable and removal of such actions is clearly defective, see 28 U.S.C. 1445(c), Reed, 206 F.3d at 1056-58, the issue is whether the removal  is jurisdictionally or procedurally defective.  The answer determines whether a remand motion must be made within 30 days of removal, or whether it can be filed at any time prior to final judgment.  Although Plaintiff relies on Reed, the Eleventh Circuit did not address this precise issue in Reed and the facts of Reed are not informative of whether the plaintiff filed a motion for remand within 30 days of notice of removal.[1]

The Fifth Circuit held in Williams that the difference between a procedural defect and a subject matter jurisdiction defect is that a procedural defect "is any defect that does not go to the question of whether the case originally could have been brought in federal district court . . . ."  Williams v. AC Spark Plugs Div. of Gen. Motors Corp., 985 F.2d 783, 787 (5th Cir.1993) (quoting Baris v. Sulpicio, 932 F.2d 1540, 1543 (5th Cir. 1991)).  The Second Circuit has held generally that, "if removal was *statutorily improper,* a party opposing removal must move to remand within the 30 day limitation or the objection will be forfeited (except for objections that implicate constitutional subject matter jurisdiction such as lack of diversity or a federal question)."  Williams v. KFC Nat'l Mgmt. Co., 391 F.3d 411, 416 (2d Cir. 2004) (emphasis added); see Perdue, 2007 WL 3202455, at *3 (holding "[s]ection 440.205 is a *statutory* cause of action within Florida's workers' compensation chapter . . . .") (emphasis added).

---

[1] "[W]hen questions of jurisdiction have been passed on in prior decisions *sub silentio*, this Court has never considered itself bound when a subsequent case finally brings the jurisdictional issue before us." Pennhurst State Sch. & Hosp.v. Halderman, 465 U.S. 89, 119 (1984) (quoting Hagans v. Lavine, 415 U.S. 528, 533 n.5 (1974)).

Courts in other circuits view the removal of a retaliatory workers' compensation claim as a procedural defect. As such, these courts have held that failure to timely object to removal of a state workers' compensation claim waives a plaintiff's right to remand pursuant to § 1445(c). The Fifth Circuit has held that the wrongful removal of cases arising under workers' compensation laws constituted a defect in procedure and that by not filing a motion for remand within the prescribed thirty-day period, a plaintiff waives his right to do so. Williams, 985 F.2d at 788; Sherrod v. American Airlines, 132 F.3d 1112, 1117 (5th Cir.1998) (citing Williams, 985 F.2d at 786). The Ninth Circuit also held that when 28 U.S.C. § 1445(c) does apply, "its bar against removal of workers' compensation claims is nonjurisdictional and may be waived." Vasquez v. North County Transit Dist., 292 F.3d 1049, 1062 (9th Cir. 2002) (citing Williams, 985 F.2d at 786).

Although the Eleventh Circuit has not ruled on this precise issue, Chief Judge Hinkle for the Northern District stated that while "[t]he removal of the worker compensation retaliation claim raises a jurisdictional issue . . . [p]laintiff did not, however, move to remand or otherwise assert removal was improper within the 30-day period for raising procedural defects in removal. Many courts have held that the failure to make a timely objection waives a § 1445(c) objection to removal. I intend to treat any objection to removal as waived and to continue to exercise jurisdiction." Keaton v. L & W Supply Corp., 2008 U.S. Dist. LEXIS 24935, at *4-5 (N.D. Fla. Mar. 26, 2008) (citations omitted).

Accordingly, this Court will follow the rule supported by the Second, Fifth, and Ninth Circuit Courts of Appeals. The wrongful removal of Plaintiffs' claim was a

procedural defect. Therefore, as long as subject matter jurisdiction can be independently established, Plaintiffs waived their right to object to removal under 28 U.S.C. § 1447(c) because Plaintiffs filed their Motion for Remand more than 30 days after Defendant filed its Notice of Removal. Here, subject matter jurisdiction was independently established due to federal questions alleged in this action. Consequently, Plaintiffs have waived their right to object to the removal of Count VIII of their second amended complaint. Based on the foregoing, it is hereby

ORDERED AND ADJUDGED that

1. Plaintiffs' Motion for Remand (doc. 94) is ***denied***.

2. Plaintiffs' Motion for Fees and Costs (doc. 94) is ***denied as moot***.

DONE AND ORDERED this sixteenth day of October, 2008.

*s/ Stephan P. Mickle*
Stephan P. Mickle
United States District Judge