**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

ABDUL ALANSARI and
THERESA BENDER, as
Bankruptcy Trustee for
Abdul Alansari,

      Plaintiffs,

vs.                                    4:07-CV-438-SPM

TROPIC STAR SEAFOOD, INC.,

      Defendant.

_____/

## <u>ORDER DENYING MOTION FOR ATTORNEY'S FEES</u>

Pending before the Court is Defendant's Amended Motion for Attorney's Fees and Costs  (doc. 155) and Plaintiff's responses in opposition (docs. 156 and 158).  This case commenced on February 27, 2006 in state court.  After the complaint was amended to add federal law claims based on racial and religious discrimination and retaliation, the case was removed from state court on October 19, 2007.  On May 21, 2008, pursuant to Civil Procedure Rule 68, Florida Civil Procedure Rule 1.442, and Florida Statutes Section 768.79, Defendant made an offer of judgment, offering $2,500 to Plaintiffs for settlement of the complaint. (doc. 155-2)  This offer of judgment included all of Plaintiff's attorney's fees and costs and Plaintiff's claim for damages.  On June 24, 2008, pursuant to Florida

Statutes Section 768.79, Defendant made another offer of judgment specifically

for Counts VII (Florida Private Whistleblower Act claim) and VIII (Florida Worker's

Compensation Act).    Neither one of these offers were accepted by Plaintiff,

therefore, they were deemed rejected.  Fla. R. Civ. P. 1.442(f)(1).

On April 1, 2009, this case was concluded by an order from this Court

granting Defendant's motion for summary judgment.  As a result, Defendant now

requests a determination of its entitlement to attorneys' fees and costs pursuant

to Title, VII and Florida Statutes Section 760.11(5); Federal Civil Procedure Rule

68; and Florida Statutes Section 768.79.  Plaintiff opposes the motion for fees

and costs under federal law on the ground that the reasoning does not satisfy the

standard articulated in Christiansburg Garment Co. v. EEOC, 434 U.S. 412

(1978).  With regard to Federal Civil Procedure Rule 68, Plaintiff argues that it is

inapplicable to a case where the Defendant is the prevailing party. Defendant's

state law claims for attorney's fees, Plaintiff argues that the Whistleblower and

the worker's compensation claim are immune because they are both connected

to the federal Title VII and Florida Civil Rights claims and the same reasoning

should apply to them.   This Court agrees.  For the following reasons,

Defendant's motion for attorney's fees will be denied.

"A district court may grant a prevailing defendant attorney's fees in Title VII

cases upon a finding that the plaintiff's claims were 'frivolous, unreasonable, or

without foundation.'"  Lawver v. Hillcrest Hospice, Inc., 300 Fed. Appx. 768,

773-774 (11th Cir. 2008) (quoting Christiansburg, 434 U.S. at 421).  "In reviewing

frivolity determinations, we view the evidence in the light most favorable to the plaintiff." Id. (citing Cordoba v. Dillard's, Inc., 419 F.3d 1169, 1179 (11th Cir. 2005)).  In determining frivolousness, this Court must look at three factors  "(1) whether the plaintiff established a prima facie case; (2) whether the defendant offered to settle; and (3) whether the trial court dismissed the case prior to trial or held a full-blown trial on the merits." Sullivan v. Sch. Bd. of Pinellas County, 773 F.2d 1182, 1189 (11th Cir. 1985).  "Attorney's fees are inappropriate when the plaintiff's claims are meritorious enough to receive careful attention and review." Lawver, 300 Fed. Appx. at 774 (citing Walker v. NationsBank of Fla. N.A., 53 F.3d 1548, 1559 (11th Cir. 1995)).  A speculative claim is not necessarily frivolous, "as long as the speculation is reasonable". Id.  (citing Cordoba, 419 F.3d at 1181).

        In this case, although Plaintiff's claims were weak, they were not "frivolous, unreasonable, or without foundation."  Lawver, 300 Fed. Appx. at 773. Defendant's case did not meet the high standard necessary to find that it is entitled to an award of attorney's fees.   Plaintiff, though not successful in his claims, reasonably speculated that he was harassed and ultimately terminated on the basis of his race and religion and in retaliation for his complaints about his treatment and for his filing of a worker's compensation claim.  The Court did give his claims careful attention.  Therefore, after applying the three factors listed in Sullivan, this Court finds that Defendant is not entitled to an award of attorney's

fees for defending against Plaintiff's federal claims.  Furthermore, this Court finds that Federal Civil Procedure Rule 68 is inapplicable as an alternate basis for an award of Defendant's attorney's fees.  <u>Delta Air Lines v. August</u>, 450 U.S. 346, 352 (1981) ("it is clear that Rule 68 applies only to offers made by the defendant and only to judgments obtained by the plaintiff.").

Defendant argues that an additional basis of an award of attorney's fees is Florida Statutes Section 768.79.  Section 768.79 provides in pertinent part as follows:

> In any civil action for damages filed in the courts of this state, if a defendant files an offer of judgment which is not accepted by the plaintiff within 30 days, the defendant shall be entitled to recover reasonable costs and attorney's fees incurred . . . if the judgment is one of no liability or the judgment obtained by plaintiff is at least 25 percent less than such offer, and the court shall set off such costs and attorney's fees against the award.

Fla. Stat. § 768.79(1).  Defendant argues that this entitlement to attorney's fees is mandatory because the final judgment rendered by this Court was one of no liability.  Defendant also claims that because they have proof that this offer of settlement was made and that it was reasonable, the only way that the award cannot be made is if Plaintiff demonstrates that Defendant's offer of settlement was not made in good faith.

Plaintiff initially argues that because the state Whistleblower claim has the same nucleus of operative facts as the Title VII claims, a grant of fees for the state claim, pursuant to Section 768.79 is the same as a grant of fees under Title

VII, which is prohibited.  Therefore, Defendant is similarly prohibited from an award of fees on the state claim.  Plaintiff also argues that the work done by attorneys on the federal claim was the same work done on the state claims and because the work on the claims is not clearly distinguishable, the reasoning that prevents an award of attorney's fees for federal claims also prevents an award of attorney's fees for state claims.   This Court agrees.

In factually similar case, Jones v. United Space alliance, LLC, where a plaintiff brought claims under both Title VII and the Florida Civil Rights Act, the Eleventh Circuit stated that the Florida Civil Rights Act "prevents the recovery of attorneys' fees under § 768.79." 494 F.3d 1306, 1311 (11th Cir. 2007).  The difference between Jones and this case at bar is that Jones did not involve a Whistleblower claim or a worker's compensation claim.  After making an independent assessment of the arguments of both parties and reviewing the relevant case law, this Court finds that because the violations for which Plaintiff sought Whistleblower protection were violations of Title VII and Florida Civil Rights Act, the standard for an award of attorney's fees under the Whistleblower claim should similarly apply.  An award of attorney's fees to a prevailing Defendant, in a state Whistleblower claim that involves a potential employer violation of Title VII or the Florida Civil Rights Act is prohibited unless Plaintiff's Whistleblower claim is deemed to be frivolous, unreasonable, or groundless. Because Plaintiff's Whistleblower claim had merit, Defendant's request for an

award of attorney's fees for this claim, pursuant to Section 768.79, will be denied. For the same reason, this Court also denies the request for attorney's fees under Section 768.79 for the Worker's Compensation claim.

This Court has uncovered no case where attorney's fees under Section 678.79 have been awarded in a Section 440.205 worker's compensation retaliation case. However, this Court finds that the analysis is similar to the analysis for the above-discussed Whistleblower claim. Plaintiff believes that he was retaliated against for filing a worker's compensation claim. Plaintiff believes that Defendant's response to Plaintiff's filing his worker's compensation claim was because of Plaintiff's race and religion. Because the factual basis of this retaliation is the same factual basis for Plaintiff's federal claims, the same reasoning that prohibits an award of attorney's fees unless the claim was frivolous applies to this worker's compensation retaliation claim. Furthermore, it is impossible to segregate the work done by attorneys on the worker's compensation claim and the other claims for which attorney fees are being denied. Because these claims operate from the same factual basis and because there is no way to separate work done for each of the claims, Defendant's claim for attorney's fees for the worker's compensation claim, pursuant to Section 768.79 will also be denied.

As an additional basis for the denial of Defendant's motion, this Court acknowledges that the offer of judgment was facially invalid and in violation of

statutory prerequisites because it did not state "with particularity all non-monetary terms of the proposal." Fla. R. Civ. P. 1.442(c)(2)(D). Defendant's offer of judgment did not respond to Plaintiff's demand for injunctive relief. Because of this omission, even if he had accepted the offer, Plaintiff could have still proceed in litigation on the question of injunctive relief. Doing so would frustrate the purpose of the offer of judgment which is to "terminate all claims, end disputes, and obviate the need for further intervention of the judicial process." Mgr. Equip. Corp. v. Wilson Ice Enters., 731 So. 2d 1262, 1264 (Fla. 1999) (quoting Unicare Health Facilities, Inc. v. Mort, 553 So. 2d 159, 161 (Fla. 1989)).

Accordingly, it is hereby ORDERED AND ADJUDGED that Defendant's amended motion for attorney's fees (doc. 155) is **denied**. Additionally, because Defendant filed an amended motion for attorney's fees, the original motion filed (doc. 154) shall be denied as moot.

DONE AND ORDERED this eighth day of June, 2009.


*s/ Stephan P. Mickle*
Stephan P. Mickle
United States District Judge

7